■ In the Matter of CONTINENTAL TERMINAL OPERATING CORP., Respondent, v. DAVID C. THOMPSON et al., Constituting the Waterfront Commission of New York Harbor, Appellants.— In a proceeding under article 78 of the Civil Practice Act to review and annul a determination of the Waterfront Commission of New York Harbor which, after a hearing, denied petitioner a stevedore's

license, the commission, by permission of the Supreme Court, Kings County, appeals from an intermediate order of said court, dated July 24, 1961, which referred certain issues to a Referee to hear and report. Order reversed on the law, without costs; determination confirmed; and proceeding dismissed, without costs. The petition and the answer raised issues as to whether competent and sufficient proof was adduced to authorize the commission's determination. Hence, the Special Term should have transferred the proceeding to this court for disposition. In the absence of such transfer, however, this court may treat the proceeding as properly before it (Civ. Prac. Act, § 1296, subds. 6, 7; *Matter of Romeo* v. *Monaghan*, 281 App. Div. 976). Accordingly, the court will now dispose of the proceeding on the merits. The claims raised in the petition directed against the "Stipulation of Facts," which was executed by the parties and their counsel and which was received in evidence at the hearing without objection, are conclusively refuted by the record before the commission. Such record clearly reveals that the parties were familiar with the stipulation and its contents. Petitioner repeatedly affirmed this "Stipulation", indicating that it disagreed only with certain conclusions to be drawn therefrom. Accordingly, we reject as incredible the petitioner's allegations directed against the commission's improper use of this stipulation of facts. In our opinion, based on this stipulation the record fully supports the commission's denial of a stevedore's license to petitioner on the ground that its sole stockholder did not possess good character and integrity (Waterfront Commission Act, art. VI, subd. 3, par. [b]; L. 1953, ch. 882, as amd.). In the light of the facts stated in the stipulation, we cannot say, as a matter of law, that the commission acted in an arbitrary and capricious manner in declining to issue the license (cf. *Matter of Barton Trucking Corp.* v. *O'Connell*, 7 N Y 2d 299). Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.